[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-13001

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

SHERMAN MICHAEL PUCKETT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:19-cr-00285-WFJ-AEP-1

_____

Before NEWSOM, GRANT, and ANDERSON, Circuit Judges.

PER CURIAM:

Sherman Michael Puckett appeals his 300-month total sentence for one count of conspiracy to possess with intent to distribute controlled substances and one count of obstruction of justice. Puckett challenges his total sentence as substantively unreasonable and argues that the district court gave excessive weight to the seriousness, nature, and circumstances of the offense conduct, particularly by considering the victim impact and the extreme conduct surrounding a related death, and denied his request for a downward variance.

We review the substantive reasonableness of a sentence under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). The party challenging the sentence bears the burden of proving that it is unreasonable. *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).

A district court abuses its discretion when it "(1) fails to afford consideration to relevant factors that were due significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) commits a clear error of judgment in considering the proper factors." *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (*en banc*). A district court must consider all 18 U.S.C. § 3553(a) factors but is not required to give all factors equal weight. *United States v. Rosales-Bruno*, 789 F.3d 1249, 1254 (11th Cir. 2015). The decision about how much weight to assign a particular

sentencing factor is committed to the sound discretion of the district court. *Id.* Additionally, the sentencing court may vary upward based upon uncharged conduct, as it relates to the history and characteristics of the defendant, and the need to promote respect for the law, afford adequate deterrence, and protect the public. *See United States v. Overstreet*, 713 F.3d 627, 637-38 (11th Cir. 2013) (holding that the district court was "entitled to consider the murder in deciding whether to vary outside the guideline range").

Here, we conclude that Puckett's 300-month total sentence is not substantively unreasonable, because the district court did not abuse its discretion in weighing the aggravating factors including the seriousness, nature, and circumstances of the crimes. Moreover, the district court was permitted to consider Puckett's conduct as it related to the uncharged death and vary upward. The district court stated that it considered the § 3553(a) factors, and it provided its reasons for Puckett's upward variance. It based his total sentence on his continued sales of drugs, his failure to stop after the arrests and searches, the need for specific deterrence, public safety concerns, the seriousness of the offense behavior and the offender history, avoidance of unwarranted disparities, and his conduct The court added its reasoning was "mostly specific deterrence." Because the district court explained and justified its variance, which relied on proper grounds, it did not abuse its discretion.

Thus, we affirm.

**AFFIRMED.**